MEMORANDUM ****
The City of Santa Monica challenges the FAA’s interim cease-and-desist orders on two separate tracks: it appeals issuance of a preliminary injunction enforcing the FAA’s interim orders, and it petitions for direct review of the FAA’s interim orders. We affirm issuance of the preliminary injunction and dismiss the City’s petition for direct review as moot.
We may affirm on any ground supported by the record. For preliminary relief a movant must show: “[ (1) ] that he is likely to succeed on the merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of preliminary relief, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest.” Winter v. Natural Res. Def. Council, Inc., 555 U.S.-, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).
The FAA is likely to prevail on the merits given Santa Monica’s contractual obligation to make its airport (SMO) available for public use on fair and reasonable terms and without unjust discrimination against a particular aircraft. FAA Contract No. DTFA08-94-C-20857, at 7 (June 2, 1994); see City and County of San Francisco v. FAA, 942 F.2d 1391, 1397-98 (9th Cir.1991). Santa Monica is not likely to prevail on its justification, or on its Tenth Amendment argument. This being so, irreparable injury is presumed. See United States v. Nutricology, Inc., 982 F.2d 394, 398 (9th Cir.1992). And the balance of equities tips in favor of the FAA: a large disruption to air traffic is avoided and Santa Monica is required to preserve the status quo only while FAA proceedings conclude. Given the safety history of Category C and D aircraft at SMO, the FAA’s role in ensuring aviation safety, and the potential disturbance to air traffic around the Los Angeles area, the *126 preliminary relief requested (and awarded) is in the public interest.
In light of this disposition, the petition for review is moot.
AFFIRMED (No. 08-55869); PETITION FOR REVIEW DISMISSED (No. 08-72192).

 xhiS disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.